**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GRADY KING, | : | |
| 3807 35th Street | : | |
| Mt. Rainier, MD 20712 | : | |
| (301) 277-9452 | : | Case No. 1:07-cv-02302 (RJL) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PIERCE ASSOCIATES, INC., | : | |
| 4216 Wheeler Avenue | : | |
| Alexandria, VA 22304 | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Pierce Associates, Inc. ("Pierce") hereby moves, pursuant to Fed. R. Civ. P.

12(b)(6), for an Order dismissing plaintiff's complaint in its entirety with prejudice, on the

grounds that plaintiff fails to state a claim for relief which is plausible on its face.  In support of

this motion, Pierce relies upon the accompanying Statement of Points and Authorities filed

herewith.

      Respectfully submitted,

      /s/ Anessa Abrams
      Gary L. Lieber (glieber@saul.com)
      DC Bar No. 215483
      Anessa Abrams (aabrams@saul.com)
      DC Bar No. 448789
      Saul Ewing LLP
      2600 Virginia Avenue, N.W.
      Suite 1000
      Washington, DC 20037
      (202) 333-8800
      (202) 337-6065 fax

      Attorneys for Defendant
      Pierce Associates, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was filed electronically this 8th day of May, 2008 and that a copy was served by first class United States mail, postage prepaid, this 8th day of May, 2008 addressed to the following:

Grady King
3807 35th Street
Mt. Rainier, MD 20712

*Pro se* plaintiff

_/s/ Anessa Abrams
Anessa Abrams

944130.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GRADY KING, | : | |
| 3807 35th Street | : | |
| Mt. Rainier, MD 20712 | : | |
| (301) 277-9452 | : | Case No. 1:07-cv-02302 (RJL) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PIERCE ASSOCIATES, INC., | : | |
| 4216 Wheeler Avenue | : | |
| Alexandria, VA 22304 | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Pierce Associates, Inc. ("Pierce") has moved, pursuant to Fed. R. Civ. P.

12(b)(6), for an Order dismissing plaintiff's complaint in its entirety with prejudice.  Pierce

submits this statement of points and authorities in support of its motion.

**STATEMENT OF FACTS[1]**

Plaintiff filed the instant action on December 21, 2007.  Plaintiff alleges that on February

9, 2005, he was verbally abused, called negative racial remarks, and physically assaulted and

sexually harassed by a co-worker.  Compl. unnumbered page 1.  Plaintiff alleges that he was

"punished" "as a result of this encounter" and that the incident was "pressed aside" by his

managers.  *Id.*  Plaintiff alleges that this incident led to a "great deal of fear" on his job, he was a

new father and he needed his job.  *Id*.  Plaintiff further alleges that "daily" he had to live with

"abusive treatment" and the threat of losing his job.  *Id.*  Plaintiff further alleges that as a result

---

[1]  For purposes of this motion, this Statement of Facts is limited to the allegations of plaintiff's Complaint, which
Pierce assumes are true for purposes of this motion only.

of not being provided with the "necessary tools and equipment" he "inhaled a considerable amount of dust and became very ill and had to go to the hospital." *Id.* Moreover, plaintiff alleges that he was in a car accident, injuring his spine, and that "[r]ather than being provided with light duty," he was told "to get off the job." *Id.* Plaintiff alleges the grades on his report card suffered and he was transferred and "eventually fired." *Id.*

Plaintiff seeks redress for alleged "pain and suffering, the verbally and sexually harassment, and the racial discrimination." *Id.* unnumbered page 2. While plaintiff's complaint does not cite to any statutory provision allegedly violated by Pierce, plaintiff attached to his complaint a "Dismissal and Notice of Rights" from the Equal Employment Opportunity Commission. Compl. Attachment. In his Civil Cover Sheet, plaintiff listed "42 USC 2000" as his cause of action. Accordingly, Pierce assumes that plaintiff is alleging racial and sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

## STANDARD OF REVIEW

Fed. R. Civ. P. 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). While an employment discrimination plaintiff is not required to plead a *prima facie* case of discrimination, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002), and detailed factual allegations are not required, a plaintiff's obligation to set forth the grounds for his "entitlement to relief" "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1965. A plaintiff must raise enough factual allegations to "raise a right to relief above the speculative level." *Id.* The "threshold requirement" of Rule 8(a)(2) is that the "'plain statement'

possess *enough heft* to 'sho[w] that the pleader is entitled to relief.'"  *Id.* at 1966 (emphasis added).

In ruling on a Rule 12(b)(6) motion, the Court construes the allegations in plaintiff's complaint as true and draws all reasonable factual inferences in the plaintiff's favor.  *Rattigan v. Gonzales*, 503 F. Supp. 2d 56, 67 (D.D.C. 2007) (citing *Maljack Prods., Inc. v. Motion Picture Ass'n of Am., Inc.*, 52 F.3d 373, 375 (D.C. Cir. 1995)).  The Court, however, does not have to accept inferences that are not supported by the facts set forth in the complaint or "legal conclusions cast in the form of factual allegations."  *Id.* (quoting *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).   To withstand a motion to dismiss, a plaintiff must plead enough facts to state a claim for relief that is *plausible* on its face.  *Twombly*, 127 S. Ct. at 1974.

## ARGUMENT

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY WITH PREJUDICE, AS PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF SEXUAL OR RACIAL HARASSMENT IN VIOLATION OF TITLE VII

Plaintiff's complaint must be dismissed, as plaintiff has failed to plead a claim of sexual or racial harassment which is plausible on its face.

To state a claim for hostile work environment, a plaintiff must show that the harassment was based on plaintiff's membership in a protected class and that his employer knew or should have known of the alleged harassment and failed to take remedial action.  *Rattigan*, 503 F. Supp. 2d at 78.  A hostile work environment consists of a "series of separate acts that collectively constitute one unlawful employment practice."  *Id.* at 78 (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)); *Roof v. Howard Univ.*, 501 F. Supp. 2d 108, 113 (D.D.C. 2007), *aff'd,* 2008 U.S. App. LEXIS 2891 (D.C. Cir. Feb. 5, 2008).  A work environment is

"hostile" for purposes of Title VII only when it is "'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"  *Rattigan*, 503 F. Supp. 2d at 78 (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998)); *Roof*, 501 F. Supp. 2d at 113.  A court will examine the totality of the circumstances, including the frequency and severity of the conduct, whether the conduct is "physically threatening or humiliating, or a mere offensive utterance" and whether the conduct "unreasonably interferes with an employee's work performance." *Roof*, 501 F. Supp. 2d at 113.  The alleged conduct must be "*extreme* to amount to a change in the terms and conditions of employment." *Rattigan*, 503 F. Supp. 2d at 78 (quoting *Faragher v. Boca Raton*, 524 U.S. 775, 788 (1998)) (emphasis in original).  Offhand remarks and isolated incidents (unless extremely serious) do not satisfy this standard. *Roof*, 501 F. Supp. 2d at 113; *see also id*. at 114 ("a few isolated incidents of offensive conduct do not amount to actionable harassment") (quoting *Stewart v. Evans*, 348 U.S. App. D.C. 382, 275 F.3d 1126, 1133 (D.C. Cir. 2002)).  As this court previously explained, "[t]he incidents of harassment must be 'more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.'" *Roof*, 501 F. Supp. 2d at 114 (quoting *Carter v. Greenspan*, 304 F. Supp. 2d 13, 24 (D.D.C. 2004)).

Plaintiff's claim for sexual harassment must be dismissed, as plaintiff's complaint consists of nothing more than a conclusory allegation that he was "sexually harassed" by a co-worker.  Plaintiff has not plead any facts – let alone sufficient facts – to state a plausible claim for sexual harassment, and the Court should not accept plaintiff's legal conclusion. *See, e.g., Howard R.L. Cook & Tommy Shaw Found. for Black Employees of the Library, Inc. v. Billington*, 2008 U.S. Dist. LEXIS 26324, at *13-15 (D.D.C. Mar. 31, 2008) (copy attached)

(dismissing Title VII claim based on alleged refusal to process administrative complaint where plaintiffs did not provide any facts to support allegation that the Library's refusal to process the complaint was discriminatory and retaliatory); *Chandler v. W.E. Welch & Assocs.,* 533 F. Supp. 2d 94, 103-04 (D.D.C. 2008) (dismissing employment discrimination claims of *pro se* plaintiff where plaintiff alleged "bias discrimination" but failed to allege any facts supporting inference of discrimination and Court need not accept inferences unsupported by factual allegations and need not accept legal conclusions).

Moreover, plaintiff's sexual and racial harassment claims must be dismissed, as plaintiff's complaint on its face does not state a plausible claim of sexual and/or racial hostile work environment. Plaintiff has not alleged severe or pervasive conduct based on his sex and/or race. Plaintiff alleges that on *one day* in February 2005 he was "sexually harassed" and called "negative racial remarks." Plaintiff's complaint is devoid of any other allegations that he was allegedly sexually harassed or called racial remarks at any time after February 2005. While plaintiff alleges that "daily" he had to live with "abusive treatment," plaintiff has failed to plead any facts alleging or supporting an inference that the "abusive treatment" was because of his sex or race. *See Roof*, 501 F. Supp. 2d at 114 ("it is far from clear that whatever harassment plaintiff experienced was undertaken because of her race"). Plaintiff's allegation of one incident of sexual and racial harassment is not severe and pervasive as a matter of law, as off-hand comments and isolated incidents do not rise to such a level. Accordingly, plaintiff fails to state a plausible claim for sexual or racial harassment, and his complaint must be dismissed. *See Rattigan*, 503 F. Supp. 2d at 78-82 (dismissing hostile environment claim where plaintiff's allegations did not establish severe and pervasive conduct); *Roof*, 501 F. Supp. 2d at 113-15 (dismissing case with prejudice where seven emails sent over two one-week periods interspersed

with 15 months of inactivity are isolated acts and not "continuous" or "pervasive") (citing, among other cases, "*Akonji v. Unity Healthcare, Inc.*, 517 F. Supp. 2d 83 (D.D.C. 2007) (five alleged acts of discrimination in two years as well as additional 'inappropriate comments' insufficient to constitute hostile work environment)" and "*Coles v. Kelly Servs. Inc.*, 287 F. Supp. 2d 25, 31 (D.D.C. 2003) (up to ten sexually explicit e-mails, 'although certainly offensive and unprofessional, were not severe or pervasive enough to rise to the level of a hostile work environment')").

## CONCLUSION

For the foregoing reasons, Pierce respectfully requests that the Court dismiss plaintiff's complaint, in its entirety, with prejudice.

Respectfully submitted,

/s/ Anessa Abrams
Gary L. Lieber (glieber@saul.com)
DC Bar No. 215483
Anessa Abrams (aabrams@saul.com)
DC Bar No. 448789
Saul Ewing LLP
2600 Virginia Avenue, N.W.
Suite 1000
Washington, DC 20037
(202) 333-8800
(202) 337-6065 fax

Attorneys for Defendant
Pierce Associates, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S**

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO**

**DISMISS PLAINTIFF'S COMPLAINT** was filed electronically this 8th day of May, 2008 and

that a copy was served by first class United States mail, postage prepaid, this 8th day of May,

2008 addressed to the following:

> Grady King
> 3807 35th Street
> Mt. Rainier, MD 20712
>
> *Pro se* plaintiff

   /s/ Anessa Abrams
Anessa Abrams

944123.1

LEXSEE 2008 US DIST LEXIS 26324

**HOWARD R.L. COOK & TOMMY SHAW FOUNDATION FOR BLACK EMPLOYEES OF THE LIBRARY, INC., ET AL, Plaintiffs, v. JAMES H. BILLINGTON, Librarian, Library of Congress, Defendant.**

**Civil Action 06-1734 (HHK)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

*2008 U.S. Dist. LEXIS 26324*

**March 31, 2008, Decided**

**COUNSEL:** [*1] For HOWARD R.L. COOK & TOMMY SHAW FOUNDATION FOR BLACK EMPLOYEES OF THE LIBRARY, INC., Individually and as Officers of the Foundation, DAVID M. HUBBARD, SR. Individually and as Officers of the Foundation, RUNAKO BALONDEMU, Individually and as Officers of the Foundation, CAROLYN TORSELL, Individually and as Officers of the Foundation, HOWARD R. L. COOK, Individually and as Officers of the Foundation: On their own behalf, and on the Behalf of all similarly situated Employees, Plaintiffs: Michael J. Snider, LEAD ATTORNEY, SNIDER & ASSOCIATES, LLC, Baltimore, MD.

For JAMES H. BILLINGTON Librarian; Library of Congress, Defendant: Heather D. Graham-Oliver, LEAD ATTORNEY, U.S. ATTORNEY'S OFFICE, Washington, DC.

**JUDGES:** Henry H. Kennedy, Jr., U.S. District Court Judge.

**OPINION BY:** Henry H. Kennedy, Jr.

**OPINION**

**MEMORANDUM OPINION**

Plaintiffs, the Howard R.L. Cook & Tommy Shaw Foundation for Black Employees of the Library, Inc. ("Foundation") and four individual employees of the Library of Congress ("Library"), bring this putative class action against James H. Billington, the Librarian of the Library in his official capacity. Plaintiffs contend that the Library discriminated against them on the basis of color, national origin, [*2] and/or race in violation of Title VII of the Civil Rights Act of 1964, as amended *42 U.S.C. §§ 2000e et seq.* [1] Before the court is the Library's motion to dismiss [# 5]. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion must be granted.

> 1  The complaint states that plaintiffs also assert claims pursuant to *42 U.S.C. § 1981*. Other than citing the statute, the complaint neither references nor describes any claims brought pursuant to *§ 1981*. To the extent plaintiffs intend to assert claims pursuant to *§ 1981*, they must be dismissed because plaintiffs do not provide the requisite "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*.

**I. BACKGROUND**

The Library permits employees to participate in certain employee organizations during working hours and allows these organizations to hold meetings in Library facilities. These privileges are available, however, only to employees who participate in organizations that are recognized by the Library. Employee organizations must apply to the Library for recognition.

The Foundation, an organization formed in 1999 to address [*3] working conditions at the Library thought to be adverse to Black employees, applied to the Library for recognition. On August 25, 2005, the Library denied the Foundation's application.

On June 15, 2006, plaintiffs filed a class administrative complaint with the Library's Equal Employment Opportunity Complaints Office ("EEO Office") in which plaintiffs challenged the Library's refusal to recognize the Foundation. Plaintiffs asserted that the Library's refusal to recognize the Foundation constituted discrimination, harassment, and retaliation.

On July 5, 2006, [2] the EEO Office informed plaintiffs that it would not process their administrative complaint because it was not timely filed. The EEO Office noted that Library regulations require that individual complaints be filed within twenty days after the allegedly discriminatory event and class complaints be filed within sixty days after the allegedly discriminatory event. Because the June 15, 2006, administrative complaint was filed almost a year after the Library refused to recognize the Foundation, the EEO Office concluded that it was untimely.

> 2   The EEO Office sent plaintiffs a second letter on July 11, 2006, informing them that it would [*4] not process their application.

On July 19, 2006, plaintiffs filed a second class administrative complaint with the EEO Office. In this complaint, plaintiffs asserted that the EEO Office should have processed their June 15, 2006, complaint. Plaintiffs contended that the EEO Office's refusal to do so was discriminatory and retaliatory. The EEO Office informed plaintiffs that it would not process this second complaint because it was frivolous and non-meritorious. The EEO Office stated that, to the extent plaintiffs were dissatisfied with the refusal to process the June 15, 2006, administrative complaint, plaintiffs should have appealed, rather than file a second complaint.

This putative class action followed. Plaintiffs assert that the Library engaged in discrimination and retaliation in violation of Title VII when the Library: (1) refused to recognize the Foundation and (2) refused to accept the June 15, 2006, administrative complaint for processing.

## II. ANALYSIS

The Library moves to dismiss plaintiffs' complaint on three grounds. The Library first contends that plaintiffs do not have standing to sue because they did not suffer an injury in fact. Second, the Library argues that plaintiffs [*5] failed to exhaust their administrative remedies. Third, the Library asserts that plaintiffs fail to

state a *prima facie* claim of discrimination or retaliation. The court will address each argument in turn.

## A. Standing

The Library contends that plaintiffs' claims must be dismissed pursuant to *Fed. R. Civ. P. 12(b)(1)* because none of the plaintiffs have standing. [3] Plaintiffs in this action consist of individual employees of the Library, as well as the Foundation. The Library argues that: (1) the individual employees do not have standing to assert claims on their own behalf; (2) the Foundation does not have standing to assert claims on behalf of its members; and (3) the Foundation does not have standing to assert claims on its own behalf.

> 3   *Fed. R. Civ. P. 12(b)(1)* provides that a complaint may be dismissed for lack of subject matter jurisdiction. Plaintiffs bear the burden of establishing that the court has subject matter jurisdiction. *Brady Campaign to Prevent Gun Violence United with Million Mom March v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C. 2004)*. A court must accept the non-movant's factual allegations as true when reviewing a motion to dismiss under *Fed. R. Civ. P. 12(b)(1)*. *Jerome Stevens Pharms., Inc. v. FDA, 365 U.S. App. D.C. 270, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005)*. [*6] A court may also consider material beyond the allegations in the plaintiffs' complaint when determining whether it has subject matter jurisdiction pursuant to *Fed. R. Civ. P. 12(b)(1)*. *EEOC v. St. Francis Xavier Parochial Sch., 326 U.S. App. D.C. 67, 117 F. 3d 621, 624-25, n.3 (D.C. Cir. 1997)*.

Because plaintiffs are invoking federal jurisdiction, they bear the burden of demonstrating standing. *Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)*. At the motion to dismiss stage, plaintiffs' burden is simply to make adequate *allegations* of standing. *Id. at 561; see also Abigail Alliance for Better Access to Dev. Drugs v. Von Eschenbach, 373 U.S. App. D.C. 386, 469 F.3d 129, 132 (D.C. Cir. 2006)* ("At the motion to dismiss stage, general factual allegations of injury . . . may suffice.") (internal quotations omitted).

For the individual employees to have standing, they must establish: (1) that they have suffered an "injury in fact"; (2) that the injury is "fairly . . . trace[able] to the

2008 U.S. Dist. LEXIS 26324, *6

challenged action of the defendant"; and (3) that the injury will "likely" be "redressed by a favorable decision." *Lujan, 504 U.S. at 561*; *see also Animal Legal Defense Fund, Inc. v. Glickman, 332 U.S. App. D.C. 104, 154 F.3d 426, 431 (D.C. Cir. 1998)*.

The Library asserts that [*7] the individual employees do not have standing because they have not suffered any injury in fact. The Library contends that its refusal to recognize the Foundation did not injure individual employees because they can still participate in the Foundation outside of working hours.

The court disagrees. Because the Library refuses to recognize the Foundation, the individual employees cannot meet during working hours or use the Library's facilities. Plaintiffs allege that, as a result, individual employees have been injured. Plaintiffs contend that because individual employees cannot hold meetings at the Library, they need "to travel and lose leave or other time or money to meet with Foundation Representatives or attorneys." Compl. P 15. Such allegations suffice to establish injury in fact.

The Library next challenges the Foundation's standing to bring suit on behalf of its members. When an organization brings suit in a representational capacity, the organization must demonstrate that at least one of its members "would have standing to sue in [her] own right, [that] the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires [*8] the participation of individual members in the lawsuit." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 181, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)*; *see also Int'l Cntr. For Tech. Assessment v. Johanns; 473 F. Supp. 2d 9, 14 (D.D.C. 2007)*.

The Library asserts that the Foundation does not have standing to sue on behalf of its members because none of the Foundation's members have standing to sue in their own right. To the contrary, as discussed *supra,* the individual employees have standing. Some of these individual employees are officers of the Foundation. [4] Furthermore, the interests at stake in this action are germane to the Foundation's purpose and the suit does not require individual members to participate. Accordingly, the Foundation has standing to bring suit on behalf of its members.

4    While the complaint is unclear on this point,

the court assumes that the Foundation is a membership organization and that the Foundation's officers are members of the Foundation.

Lastly, the Library asserts that the Foundation cannot bring claims on its own behalf. The Library is correct. Title VII protects "employees or applicants for employment" from discrimination by federal government agencies. *42 U.S.C. § 2000e-16*. [*9] It does not protect organizations from discrimination. *Id.* In *Fair Employment Council of Greater Washington, Inc. v. BMC Marketing Corp., 307 U.S. App. D.C. 401, 28 F.3d 1268, 1277-78 (D.C. Cir. 1994)*, however, the D.C. Circuit found that an organization may have standing to bring a claim under Title VII if the violation of an individual's rights causes injury to an organization. *Id. at 1278* (finding that Title VII "confer[s] a cause of action upon everyone who meets the Article III requirements -- that is, anyone genuinely injured by conduct that violates someone's rights"). [5] In other words, while an organization cannot assert a cause of action based on a violation of its own rights under Title VII, an organization may have standing to sue for injuries that are *derivative* of a violation of an individual's Title VII rights.

5    *Fair Employment Council of Greater Washington, Inc. v. BMC Marketing Corp., 307 U.S. App. D.C. 401, 28 F.3d 1268 (D.C. Cir. 1994)* involved a suit against a private entity. The instant suit involves a suit against the federal government. This difference is not relevant because Congress intended to "apply to the government the [Title VII] principles it had . . . applied to private employers." *Rochon v. Gonzales, 370 U.S. App. D.C. 74, 438 F.3d 1211, 1219 (D.C. Cir. 2006)*.

Here, [*10] plaintiffs assert that the Library discriminated against the Foundation in violation of Title VII. Because Title VII does not protect the Foundation from discrimination, the Foundation does not have standing to assert claims on its own behalf. [6] Thus, the individual employees have standing to bring claims on their own behalf and the Foundation has standing to bring claims in a representative capacity. The Foundation does not have standing to bring claims on its own behalf, however.

6    *Ethnic Employees of the Library of Congress*

*v. Boorstin, 243 U.S. App. D.C. 186, 751 F.2d 1405 (D.C. Cir. 1975)*, is not inconsistent with this court's determination that the Foundation does not have standing to assert claims on its own behalf. In that case, the court permitted an organization called the Ethnic Employees of the Library of Congress ("EELC") to proceed on Title VII claims against the Library. *Id. at 1412*. The court did not permit EELC to bring suit on its own behalf, however. Instead, the court stated that "we interpret the EELC to argue on behalf of its members that measures taken against the organization have resulted in prohibited discrimination against the members." *Id.* That is, the court found that EELC had [*11] standing to sue not on its own behalf, but rather, in a representative capacity.

**B. Exhaustion of Administrative Remedies**

The Library next contends that plaintiffs failed to exhaust their administrative remedies and thus plaintiffs' complaint must be dismissed pursuant to *Fed. R. Civ. P. 12(b)(1)*. The Library asserts that plaintiffs did not timely file their administrative complaints with the EEO Office and thus are precluded from bringing the instant action in federal court.

Before filing a lawsuit under Title VII, plaintiffs must exhaust their administrative remedies. If plaintiffs do not exhaust their administrative remedies, they are precluded from bringing suit in federal court. *See Park.v. Howard University, 315 U.S. App. D.C. 196, 71 F.3d 904, 907 (D.C. Cir. 1995)*. Failure to exhaust is an affirmative defense and defendants bear the burden of pleading and proving it. *Bowden v. United States, 323 U.S. App. D.C. 164, 106 F.3d 433, 437 (D.C. Cir. 1997)*. If defendants meet their burden, plaintiffs bear the burden of pleading and proving facts supporting equitable. avoidance of the defense. *Id. at 437*.

Pursuant to the Library's regulations, employees must file an administrative complaint with the EEO Office within twenty days of the [*12] allegedly discriminatory event. LCR 2010-3.1 § 4A. If a class of Library employees seeks to file a complaint, the class must select a representative employee and file an administrative complaint within sixty days of the allegedly discriminatory event. LCR 2010-3.2 § 4A.

Here, plaintiffs allege that there were two

discriminatory events: (1) the Library's refusal to recognize the Foundation and (2) the EEO Office's refusal to process plaintiffs' administrative complaint filed on June 15, 2006. The Library correctly asserts that plaintiffs failed to exhaust their administrative remedies with respect to their claims arising out of the Library's refusal to recognize the Foundation. The Library issued its decision denying recognition on August 25, 2005, but plaintiffs did not file an administrative complaint until June 15, 2006. Thus, plaintiffs' administrative complaint was filed outside the twenty and sixty day filing deadlines imposed by the Library's regulations.

Plaintiffs assert that the court should excuse their failure to timely file because it would have been futile. The court declines to do so. While failure to exhaust may be excused due to futility, plaintiffs have the burden of [*13] demonstrating futility. *See Bayer v. U.S. Dep 't of Treasury, 294 U.S. App. D.C. 44, 956 F.2d 330, 332 (D.C. Cir. 1992)*. Plaintiffs merely state that exhaustion would have been futile, but they do not explain why. Such conclusory statements do not warrant a finding of futility.

Plaintiffs timely filed their administrative complaint with respect to the second allegedly discriminatory event, however. Plaintiffs were notified on July 5, 2006, that the Library refused to process their June 15, 2006, administrative complaint. Plaintiffs then filed an administrative complaint with the EEO Office on July 19, 2006, asserting that this refusal was discriminatory and retaliatory. This second complaint was filed well within the applicable time limitations imposed by the Library's regulations.

**C. Prima Facie Case**

Lastly, the Library asserts that plaintiffs' complaint must be dismissed pursuant to *Fed. R. Civ. P. 12(b)(6)* for failure to state a *prima facie* case under Title VII. [7] The Library misunderstands plaintiffs' pleading standard. Plaintiffs are not required to establish a *prima facie* case to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)*. Instead, plaintiffs are only required to [*14] provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)*. Plaintiffs must

provide enough facts to "state a claim to relief that is plausible on its face." *Id.* Plaintiffs have not done so.

> 7  *Fed. R. Civ. P. 12(b)(6)* permits dismissal of a complaint if it does not "state a claim upon which relief can be granted."

Plaintiffs acknowledge that the June 15, 2006, administrative complaint was not timely filed, but they assert that the Library's refusal to process the complaint was discriminatory and retaliatory. [8] Plaintiffs do not provide any facts that demonstrate how this is so. Instead, the complaint and attached exhibits demonstrate that the Library refused to process the administrative complaint because it was not timely filed. The court is not required to permit claims for relief to proceed that are neither plausible nor supported by any factual allegations. *Kowal v. MCI Comm. Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994)*(stating that the court [*15] is not required to accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint). Accordingly, the court finds that plaintiffs fail to state a Title VII claim arising out of the Library's

refusal to process their June 15, 2006, administrative complaint.

> 8  The court does not address plaintiffs' claim that the Library's refusal to recognize the Foundation was discriminatory because, as discussed in the text *supra,* plaintiffs did not exhaust their administrative remedies with respect to this claim.

## III. CONCLUSION

For the foregoing reasons, the court concludes that the Library's motion to dismiss [# 5] must be **GRANTED** and plaintiffs' complaint must be **DISMISSED.** An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.

U.S. District Court Judge

Dated: March 31, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GRADY KING, | : | |
| | : | Case No. 1:07-cv-02302 (RJL) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PIERCE ASSOCIATES, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT**

Upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint, any

opposition thereto, and for good cause shown, it is hereby

ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint be and hereby is

GRANTED; it is

FURTHER ORDERED that plaintiff's complaint be and hereby is DISMISSED IN ITS

ENTIRETY WITH PREJUDICE.


SO ORDERED this _____ day of _____, 2008.



_____
Honorable Richard J. Leon
United States District Judge

Copies to:

Grady King
3807 35th Street
Mt. Rainier, MD 20712

Gary L. Lieber (glieber@saul.com)
Anessa Abrams (aabrams@saul.com)
Saul Ewing LLP
2600 Virginia Avenue, N.W.
Suite 1000
Washington, DC 20037

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was filed electronically this 8th day of May, 2008 and that a copy was served by first class United States mail, postage prepaid, this 8th day of May, 2008 addressed to the following:

        Grady King
        3807 35th Street
        Mt. Rainier, MD 20712

        *Pro se* plaintiff

                                          /s/ Anessa Abrams
                                       Anessa Abrams

944192.1