IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GRADY KING, | : | |
| | : | Case No. 1:07-cv-02302 (RJL) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PIERCE ASSOCIATES, INC., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

On May 8, 2008, Defendant Pierce Associates, Inc. ("Pierce") moved, pursuant to Fed. R. Civ. P. 12(b)(6), for an Order dismissing plaintiff's complaint in its entirety with prejudice on the grounds that plaintiff failed to state a plausible claim for racial or sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). By Order dated May 14, 2008, this Court provided plaintiff with 30 days from the date of the Order to respond to Pierce's motion. On June 13, 2008, plaintiff apparently filed "Plaintiff's Motion" with the U.S. Court of Appeals for the District of Columbia Circuit. This document was entered on the docket of this case on June 23, 2008, with the notation "Leave to file granted."[1] Although entitled "Plaintiff's Motion," Pierce will presume the document filed by plaintiff is his opposition to Pierce's motion to dismiss. Accordingly, Pierce submits this reply memorandum in support of its motion to dismiss plaintiff's complaint.

---

[1] Pierce's counsel received "Plaintiff's Motion" for the first time on June 24, 2008, when it was entered on the Court's Electronic Case Filing ("ECF") system with the notation "Leave to File Granted." On June 25, 2008, Pierce's counsel received a copy of "Plaintiff's Motion" via the United States mail. There is no certificate of service accompanying "Plaintiff's Motion" and the envelope in which "Plaintiff's Motion" was received by Pierce's counsel does not contain a postmark date.

## ARGUMENT

## PLAINTIFF'S "OPPOSITION" FAILS TO REFUTE PIERCE'S ARGUMENT THAT PLAINTIFF DOES NOT STATE A PLAUSIBLE CLAIM OF SEXUAL OR RACIAL HARASSMENT IN VIOLATION OF TITLE VII

In its opening memorandum, Pierce argued that plaintiff failed to state a plausible claim for sexual harassment, as plaintiff's complaint merely contained a conclusory allegation that plaintiff was "sexually harassed" by a co-worker. Pierce Mem. at 3-5. Pierce further argued that plaintiff's sexual and racial harassment claims must be dismissed, as plaintiff has not alleged severe and pervasive conduct based on his sex and/or race, as plaintiff's complaint alleges that he was "sexually harassed" and called "negative racial remarks" on *one* occasion. Pierce Mem. at 5-6. Plaintiff's "opposition" does not refute these arguments.[2]

As set forth in Pierce's opening memorandum, an environment is "hostile" for purposes of Title VII only when it is comprised of severe or pervasive conduct that alters the terms and conditions of the victim's employment. "The incidents of harassment must be 'more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.'" *Roof v. Howard Univ.*, 501 F. Supp. 2d 108, 114 (D.D.C. 2007), *aff'd* 2008 U.S. App. LEXIS 2891 (D.C. Cir. Feb. 5, 2008) (quoting *Carter v. Greenspan*, 304 F. Supp. 2d 13, 24 (D.D.C. 2004)). Off-hand remarks and isolated comments are not sufficient. *Id.* at 113-14. In his "opposition," plaintiff has completely failed to dispute that the sexual and racial harassment to which he was allegedly subjected occurred on only one occasion. Accordingly, plaintiff cannot state a plausible claim for racial and/or sexual harassment as a matter of law and plaintiff's complaint must be dismissed. *See* Pierce Mem. at 5-6 (and cases cited therein).

---

[2] The second paragraph of plaintiff's "opposition" is irrelevant, as it has absolutely no bearing whatsoever on plaintiff's claims of sexual or racial harassment – the only claims for which plaintiff seeks redress in his complaint.

Plaintiff's statement in his "opposition" that "Sub-Forman, John Guilen told the EEOC that he had made sexual jokes" does not save plaintiff's sexual harassment claim. This adds absolutely nothing to the legal conclusion in plaintiff's complaint that plaintiff was "sexually harassed." Aside from the fact that the statement in plaintiff's "opposition" is hearsay within hearsay, it is completely devoid of any indication that the alleged sexual jokes were anything other than isolated, made to plaintiff or in plaintiff's presence, or that they resulted in plaintiff allegedly being sexually harassed. In fact, there is no indication that these alleged non-described "jokes" could even be evidence of sexual harassment.

Similarly, plaintiff's statement in his "opposition" that he was called a "nigger" does not save plaintiff's racial harassment claim. There is absolutely no indication who made this alleged comment. Moreover, a single epithet, as set forth above, does not rise to the level of a hostile work environment. *See Odeyale v. Aramark Mgmt. Svcs. Ltd. P'ship*, 518 F. Supp. 2d 179, 184 (D.D.C. 2007) (DC Human Rights Act) (finding that plaintiff's allegation that he was called "nigger" and "chicken" does not rise to the level of a hostile work environment, stating that "'[m]ere utterance of an . . . epithet which engenders offensive feelings in an employee' does not sufficiently affect the conditions of employment to implicate Title VII.") (quoting *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993)).[3]

---

[3] The present case is distinguishable from *Mintz v. District of Columbia*, 2006 U.S. Dist. LEXIS 34446 (D.D.C. May 30, 2006), wherein the plaintiff alleged he was called a "nigger" on more than one occasion, that the word "nigger" was used in plaintiff's presence to refer to other employees, that other racial remarks were made in the workplace, and that plaintiff was subjected to multiple sexual remarks which were meant to "punish" plaintiff for complaining about alleged racial harassment. Similar "facts" are not present in the instant case.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in Pierce's opening memorandum, Pierce respectfully requests that the Court dismiss plaintiff's complaint, in its entirety, with prejudice.

Respectfully submitted,

/s/ Anessa Abrams
Gary L. Lieber (glieber@saul.com)
DC Bar No. 215483
Anessa Abrams (aabrams@saul.com)
DC Bar No. 448789
Saul Ewing LLP
2600 Virginia Avenue, N.W.
Suite 1000
Washington, DC 20037
(202) 333-8800
(202) 337-6065 fax

Attorneys for Defendant
Pierce Associates, Inc.

-5-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** was filed electronically this 30th day of June, 2008 and that a copy was served by first class United States mail, postage prepaid, this 30th day of June, 2008 addressed to the following:

>Grady King
>3807 35th Street
>Mt. Rainier, MD 20712
>
>*Pro se* plaintiff

    /s/ Anessa Abrams
    Anessa Abrams

945387.1