UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRADY KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-02302 (RJL) |
| ) | |
| PIERCE ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(March 9, 2009) [# 8]

The plaintiff, Grady King ("King," "a plaintiff") brought this action *pro se* against his former employer, Pierce Associates, Inc., alleging discriminatory conduct in violation of an unspecified provision of the law. Before this Court is Defendant's motion to dismiss for failure to state a claim on which relief can be granted under Federal Rules of Civil Procedure 12(b)(6). For the reasons set forth below, the Court **GRANTS** the defendant's motion.

## BACKGROUND

King alleges that on February 9, 2005, he was "verbally abused, called negative racial remarks, and physically assaulted and sexually harassed" by a co-worker. (Compl. at 1.) King does not provide details of this event, although he states[1] that on an

---

[1] King stated this in a filing following Defendant's Motion to Dismiss. King titled the filing "Plaintiff's Motion." However, King did not seek any relief in the Motion and did not otherwise file an opposition to the defendant's dismissal motion. Accordingly, the Court will treat the filing as Plaintiff's Opposition and dismiss "Plaintiff's Motion."

unspecified date an unnamed person "punched [King] in the face and called [him] a nigger." (Pl.'s Motion at 1.) King alleges in his pleading he "ha[s] a few witnesses to testify on [his] behalf as to the allegation," although he does not identify these witnesses or explain what they will testify to. (*Id.*) King further alleges generally that he was punished in some way as a result of this encounter and that his managers "pressed aside" the incident. (*Id.*) Moreover, he contends the incident caused him to fear for his job and suffer unspecified "abusive treatment" daily. (*Id.*) Further, King alleges he was not provided with the "necessary tools," "equipment," or "protection" to keep him from inhaling dust that caused him to become ill. (*Id.*) According to King, he later injured his spine in a car accident, and an unspecified person told him to "get off of the job." (*Id.*) Eventually he was transferred and fired. (*Id.*) King also alleges the defendant "trashes [his] name" to King's prospective employers. (Pl.'s Motion at 2.)

King does not identify the legal basis for his cause of action; he merely notes that he seeks redress for "pain and suffering, the verbally and sexually harassment, and the racial discrimination." (Compl. at 2.) Because King represented to the Equal Employment Opportunity Commission that he was suing under "42 USC 2000," the Court will treat King's claim as alleging harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*).

## ANALYSIS

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544; 127 S.Ct. 1955, 1965 (2007) (internal quotation and alteration omitted). In short, a plaintiff must plead factual allegations, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* King, however, seeks to make his case only with vague and general allegations that do not "raise a right to relief above the speculative level."

"*Pro se* complaints . . . are held to less stringent standards than formal pleadings drafted by lawyers." *Hoai v. Superior Court of Dist. of Colombia*, 539 F. Supp. 2d 432, 434 (D.D.C. 2008) (internal quotation omitted). "A *pro se* pleading is to be liberally construed by the Court." *Id.* "Accordingly, *pro se* plaintiffs are not required to use specific legal terms or phrases, and the Court will grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." *Id.* Nevertheless, the Court finds, for the following reasons, that King has failed to state a claim on which relief can be granted.

### A.   Harassment Claim

To state a claim for harassment based on hostile work environment, King must plead facts sufficient to show he suffered harassment because of his membership in a protected class and that Pierce knew or should have known of the alleged harassment and failed to take remedial action. *Davis v. Coastal Int'l Sec., Inc.*, 275 F.3d 1119, 1122–23 (D.C. Cir. 2002). A hostile work environment consists of a series of acts that results in a workplace "permeated with discriminatory intimidation, ridicule, and insult." *Rattigan v. Gonzales*, 503 F. Supp. 2d 56, 78 (D.D.C. 2007) (internal quotation omitted). In order to amount to a hostile work environment, the conduct must be "*extreme.*" *Id.* (internal quotation omitted).

While King claims to have suffered abusive treatment and daily threats of losing his job, he does not plead any facts in support of these claims. His claims, such as they are, do not raise his right to relief above the "speculative level." *Bell Atlantic Corp.*, 550 U.S. 544; 127 S.Ct. at 1965. Indeed, King specifically alleges only one instance of alleged discrimination, in which a co-worker allegedly made negative racial and sexual remarks. (Compl. at 1.) This single instance, however, even if true, would not be sufficient to state a claim for hostile work environment under Title VII. *Bundy v. Jackson*, 641 F.2d 934, 943 n.9 (D.C. Cir. 1981) (finding that "isolated manifestations of a discriminatory environment, such as a few ethnic or racial slurs may not raise a [Title VII] cause of action").

**B.     Adverse Action Discrimination Claim**

To establish a prima facie case for employment discrimination based on adverse action, a plaintiff must allege that he is a member of a protected class, that he suffered an adverse employment action, and that the unfavorable action gives rise to an inference of discrimination. *Chappell-Johnson v. Powell*, 440 F.3d 484, 488 (D.C. Cir. 2006). In short, a plaintiff must plead that the adverse employment action occurred because of his status as a member of a protected class, and this requirement can be satisfied by merely stating "[he] was turned down for a job because of [his] race." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000). King alleges he was not "provided with the necessary tools and equipment" and not "provided with light duty" after becoming injured. King also alleges he was fired. Plaintiff, however, fails to allege any facts indicating any of the defendant's actions were taken "because of" his status as a member of a protected class. *See* 42 U.S.C. § 2000e-2(a)(1)–(2) (defining "unlawful employment practice[s]" as those occurring "because of [the plaintiff's] race, color, religion, sex, or national origin"); *cf. Sparrow*, 216 F.3d at 1115 (noting that a plaintiff must allege the adverse employment action occurred "because of" status in a protected class to survive a motion to dismiss under Rule 12(b)(6)). Accordingly, King's sparse and vague allegations are insufficient to state a claim for discrimination under Title VII.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendant's motion to dismiss.

An Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge